IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RHONDA J. WALKER,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**LONG MOTOR CORPORATION, et al.,** )<br>)<br>**Defendants.** )<br>) | Case No. 17-2592 |

## MEMORANDUM AND ORDER

This employment discrimination case is before the court on Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 15). Defendants filed the motion on January 3, 2018. Plaintiff, who proceeds pro se, failed to timely respond, and the court ordered plaintiff to show cause why the motion should not be granted as unopposed on February 6, 2018. Plaintiff also failed to timely respond to the court's order. The court therefore considers the merits of defendants' motion without the benefit of a response by plaintiff.

Plaintiff claims that defendants violated her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. She named both her former employer (Long Motor Corporation), as well as a number of individual defendants. The individual defendants in this case must be dismissed because plaintiff failed to exhaust her administrative remedies with respect to them. She did not identify any of the individual named defendants in her charge of discrimination with the EEOC and KHRC. Exhaustion of administrative remedies is a jurisdictional prerequisite to filing a Title VII suit. *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). The court is aware that the holding in *Shikles* has been questioned in the years since it was issued, *see, e.g.*, *Wickware v. Manville*, 676 F. App'x 753, 767 & n.4 (10th Cir. 2017), but the Tenth Circuit has not overruled *Shikles*, so the court

continues to follow its holding.  The claims against the individual defendants are therefore subject to dismissal under Fed. R. Civ. P. 12(b)(1).  They are further subject to dismissal under Rule 12(b)(6) because Title VII does not offer a remedy against individual defendants in their individual capacities.  *See Anthony v. Alorica, Inc.*, No. 08-2438-JAR, 2008 WL 5263983, at *3 (D. Kan. Dec. 15, 2008).

As for plaintiff's remaining allegations against defendant Long Motor Corporation, they fail to state a claim.  Plaintiff appears to be making a claim for retaliation for reporting some sort of harassment.  But plaintiff did not indicate in her complaint a basis for the alleged discrimination/retaliation.  In responding to the question, "I believe that I was discriminated against because of (check all that apply)," plaintiff did not check the box for race, religion, national origin, gender, disability, or age.  Instead, plaintiff checked the box for "other," but left the line blank where she should have explained what she meant by "other."

To state a claim for retaliation, plaintiff must show that (1) she engaged in a protected activity; (2) she suffered a "materially adverse employment action"; and (3) a causal connection between two.  *Smith v. Hillshire Brands*, Case No. 13-2605, 2014 WL 2039848, at *2 (D. Kan. May 16, 2014) (citing *Paige v. Donovan*, 511 F. App'x 729, 734 (10th Cir. 2013)).  Plaintiff has not alleged a protected activity.  Simply making a "harassment complaint" is not enough if it is not based on an unlawful employment practice under Title VII.  Plaintiff also does not identify the retaliatory conduct or the dates she reported harassment, was terminated, or was denied a new position.  Without any of these allegations, plaintiff has not adequately pleaded causation between a protected activity and a materially adverse employment action.

When evaluating plaintiff's complaint, the court accepts all well-pleaded facts as true.  *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  But the same is not true for conclusory allegations, which is all plaintiff has made here.

*Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) ("[I]n examining a complaint under Rule 12(b)(6), we will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable."); *Swanson*, 750 F.2d at 813.  A plaintiff's "general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss." *Khalik*, 671 F.3d at 1193; *see also Blough v. Rural Elec. Coop, Inc.*, No. 16-6176, 2017 WL 2260924, at *4 (10th Cir. May 23, 2017) (rejecting discrimination claims that are "unadorned, the-defendant-unlawfully-harmed-me accusation[s]") (citation omitted).

For these reasons, the court determines that defendants' motion to dismiss should be granted.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 15) is granted.

The case is closed.

Dated this 28th day of February, 2018, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
